DMP:DKK/MAA
F. #2021R00589

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N F O R M A T I O N |
| - against - | Cr. No. <u>1:21-cr-00441-ENV-1</u> |
| JULIANA BARILE, | (T. 18, U.S.C., §§ 982(a)(2), 982(b)(1), 1030(a)(5)(A), 1030(c)(4)(B)(i), 1030(i)(1), 1030(i)(2) and 3551 et seq.; |
| Defendant. | T. 21, U.S.C., § 853(p)) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

I.  The Defendant

1. The defendant JULIANA BARILE was a resident of Brooklyn, New York. BARILE worked part-time at a credit union in New York, New York (the "Credit Union"), an entity the identity of which is known to the United States Attorney. Accounts of the Credit Union were insured by the National Credit Union Administration, and the computer systems used by the Credit Union operated in interstate commerce.

II. The Scheme to Destroy Data

2. In or about May 2021, the defendant JULIANA BARILE was working remotely for the Credit Union as a result of the ongoing COVID-19 pandemic. To access the computer system of the Credit Union while working remotely, BARILE logged in using a username and password provided by the Credit Union.

3. On or about May 19, 2021, the defendant JULIANA BARILE was fired from the Credit Union. An employee at the Credit Union requested that the Credit Union's information technology support firm disable BARILE's access to the Credit Union's computer system, but that access was not disabled.

4. On or about May 21, 2021, the defendant JULIANA BARILE, who was then located in Brooklyn, New York, used her username and password to access the Credit Union's file server remotely for approximately 40 minutes. During that time period, BARILE deleted approximately 20,433 files and 3,478 directories, a total of approximately 21.3 gigabytes of data, from the "P:\" drive on that file server, which the Credit Union's employees referred to as the "share" drive. The deleted data included files related to mortgage loan applications received by the Credit Union, as well as the contents of a folder labeled "! Cynet Ransom Protection(DON'T DELETE")," a folder containing information related to Cynet's anti-ransomware protection software. BARILE also opened various Word documents, including files containing Board minutes for the Credit Union.

5. On or about May 26, 2021, the defendant JULIANA BARILE sent a series of text messages to a friend in which she described her destruction of the Credit Union's data after she was fired. Specifically, she wrote: "They didn't revoke my access so I deleted p drift lol." BARILE then corrected her message, which included the typographical error "p drift," by writing "P drive shared file," a reference to the "P:\" drive on the Credit Union's file server. BARILE also wrote: "I deleted their shared network documents," again referring to the Credit Union's "P:\" drive.

6.\tAlthough the Credit Union had backed up some of the data that the defendant JULIANA BARILE destroyed, the Credit Union has spent more than $10,000 in remediating the unauthorized intrusion and destruction of data.

## COMPUTER INTRUSION

7.\tThe allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

8.\tOn or about May 21, 2021, within the Eastern District of New York and elsewhere, the defendant JULIANA BARILE did knowingly cause the transmission of information and one or more programs, codes and commands, and as a result of such conduct, did intentionally cause damage without authorization to one or more protected computers, to wit: the computers housing the Credit Union's file server, which computers were used in and affecting interstate commerce and communication and were used by and for a financial institution and the conduct constituting the offense affected that use by and for the financial institution, with such damage causing loss to the Credit Union during the one-year period beginning May 21, 2021, aggregating at least $5,000 in value.

(Title 18, United States Code, Sections 1030(a)(5)(A), 1030(c)(4)(B)(i) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

9.\tThe United States hereby gives notice to the defendant that, upon her conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 982(a)(2) and 1030(i)(1), which require any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, and such person's

interest in any personal property that was used or intended to be used to commit or to facilitate the commission of such offense.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1030(i)(2), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2), 982(b)(1), 1030(i)(1) and 1030(i)(2); Title 21, United States Code, Section 853(p))

_____
JACQUELYN M. KASULIS
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2021R00589

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

JULIANA BARILE,

Defendant.

# INFORMATION

(T. 18, U.S.C., §§ 982(a)(2), 982(b)(1), 1030(a)(5)(A),
1030(c)(4)(B)(i), 1030(i)(1), 1030(i)(2) and 3551 et seq.;
21 U.S.C. § 853(p))

*A true bill.*

_____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

*Clerk*

*Bail, $* _____

***David K. Kessler and Meredith A. Arfa, Assistant U.S. Attorneys***